Contracts; bids; mistake in bid; reformation; request for verification of bid; misrepresentation; authority of agent; unjust enrichment; unconscionability. — Plaintiff seeks reformation of a contract it entered into with the Veterans Administration to compensate plaintiff for the cost of certain rooftop heating and air conditioning units which plaintiff mistakenly omitted from its proposal. At the request of the contracting officer, plaintiff was asked to verify its bid. Plaintiff alleges it then contacted the Project Manager for the architect and engineer firm for the project who, although he did not reveal the government’s fair cost estimate, stated that it was close enough to plaintiffs bid and that there was no reason for plaintiff to be concerned. Plaintiff then summarily confirmed its bid. On August 10, 1982, Trial Judge Thomas J. Lydon filed a recommended opinion (reported in full at 30 CCF ¶ 70,215) holding that plaintiff is not entitled to recover. The trial judge found that the contracting officer had neither actual nor constructive knowledge of the mistake in plaintiffs bid and he had no duty to request verification of the bid. Therefore plaintiff is not entitled to reformation of its contract on the ground of unilateral mistake. Plaintiffs argument that the verification request was inadequate is irrelevant. In any event, the record shows that the verification request was not in fact inadequate since it notified plaintiff that there existed a relatively small disparity between its bid and the next lowest bid and asked plaintiff to verify and confirm its bid. Plaintiff is not entitled to reformation based on alleged misrepresentations made by the Project Manager regarding the size of the disparity between plaintiffs bid and the government’s fair cost estimate since plaintiff has not established that the Project Manager had any authority to give out views binding on the government regarding the *1044 disparity between plaintiffs bid and the fair cost estimate and plaintiff has not established that the Project Manager’s statements of his opinion regarding the disparity were misrepresentations or that plaintiff actually relied on these statements to its detriment. Plaintiff is not entitled to reformation on the ground that the contract unjustly enriches the government since plaintiff had an express contract with the government and cannot therefore assert a claim of unjust enrichment concerning items covered by the express contract. Reformation cannot be based on the ground that the contract is unconscionable since the contracting officer did not have knowledge that the plaintiffs bid was mistaken when the contract was entered into and the contract as written is not so unfair as to rise to the level of an unconscionable contract. Moreover, even if the mistake in plaintiffs bid was so large as to make the contract arguably unconscionable, the contract should not be reformed since plaintiff was given a suitable opportunity to discover the mistake in its bid prior to the award of the contract and failed to make a reasonable effort to do so. On September 30, 1982, the court, by order, adopted the recommended decision of the trial judge as the basis for its judgment in this case except that the court does not pass on the correctness of the trial judge’s holding that the Government can be estopped, in certain circumstances, by the actions of an agent who has apparent (but not actual) authority. Plaintiffs petition is dismissed.